**FILED**

**AUG 1 0 2007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Crim. No. 02-0077-12 (TFH) |
| ANTHONY SEFFELL FOLKS, | ***UNDER SEAL*** |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is a [266] Motion For Expedited Hearing And For Order Directing The Presentence Report Writer To Redact Sealed Information In The Presentence Report, which was filed by the defendant, Anthony Seffell Folks, on July 12, 2007. Mr. Folks contends that his Presentence Investigation Report details information about his involvement in a conspiracy to possess and distribute cocaine base that was improperly derived from a sealed document, namely the Proffer Of Evidence In Support Of Defendant's Entry Of Plea ("Proffer of Evidence"). Def.'s Mot. ¶¶ 5-7. Mr. Folks further contends that the United States Parole Commission advised him that it intends to use the information about his possession and distribution of cocaine base to revoke his parole and increase his incarceration time, notwithstanding the fact that he pled guilty only to the lesser-included offense of conspiracy to distribute and possession with intent to distribute powder cocaine. *Id.* ¶ 8. Mr. Folks therefore requests that the Court (1) order the Probation Office to redact from the presentence report all information relating to his involvement with cocaine base, as well as making other corrections to

the report, (2) order that all subsequent presentence reports reflect correct information about the nature of the crime to which he plead guilty, and (3) that the Court amend the Judgment to correct various asserted errors in that document. *Id.* ¶¶ 9-13. For the reasons set forth below, the Court will deny Mr. Folks' motion in its entirety.

## DISCUSSION

Mr. Folks does not allege that the United States somehow breached the Plea Agreement by disclosing his involvement with cocaine base to the Probation Office that prepared the presentence report, nor does he allege that the information is inaccurate. Instead, the crux of Mr. Folks' argument is that the revelation of this information in his presentence report is improper because it was obtained from a sealed document. Accordingly, so Mr. Folks argues, the United States Parole Commission should not be allowed to use this information against him. Mr. Folks, however, cited no legal authority whatsover to support the proposition that a presentence report may not contain information obtained from a document that has been sealed. To the contrary, even when the entire presentence report is sealed by a court the United States Parole Commission nevertheless may obtain the report and rely on the information contained therein. *See United States v. Quan*, 789 F.2d 711, 714 (9th Cir. 1986) (concluding that the defendant's "contention that the Parole Commission should not have received a copy of the presentence report because it was sealed is frivolous").

More to the point, pursuant to Federal Rule of Criminal Procedure 32(f), Mr. Folks had an opportunity to review the information contained in the presentence report and voice any objections thereto. Fed. R. Crim. P. 32(f) (stating that "[w]ithin 14 days after receiving the

presentence report, the parties must state in writing any objections . . ."). The record reflects that Mr. Folks did, in fact, raise several objections to the information contained in the presentence report, none of which challenged the sections describing his involvement with cocaine base. *See* Addendum To The Presentence Report; Hrg. Tr. 3, Dec. 17, 2003 (confirming that the defense had no other objections to the presentence report). Accordingly, Mr. Folks is deemed to have waived any other objections to the presentence report that were not timely proffered. *United States v. Thomas*, 211 F.3d 316, 318 n.2 (6th Cir. 2000) ("A failure to object to the presentence report waives any future objections.").

The Court also observes that, although Mr. Folks pled guilty only to the lesser-included offense of conspiring to distribute and possession with the intent to distribute powder cocaine, the Plea Agreement itself states that "[y]our client agrees and will acknowledge at the time of the plea of guilty that . . . your client is accountable for more than 150 grams but less than 500 grams of cocaine base . . . ." Plea Agreement ¶ 2 (Aug. 21, 2002). Even assuming the Court could order a presentence report to be redacted at this late stage,[1] the Court is hard pressed to conclude that it should do so when Mr. Folks agreed to acknowledge his accountability for cocaine base as

---

[1] The Court is skeptical that the sections of Rule 32(d) cited by Mr. Folks authorize the Court to order redactions given the particular circumstances of this case. *See* Def.'s Reply Br. 1-2; Fed. R. Crim. P. 32(d). Rule 32(d)(3)(B) states that "any sources of information obtained upon a promise of confidentiality" must be excluded from the presentence report. Fed. R. Crim. P. 32(d)(3)(B). That rule applys only to "sources" and makes no reference to excluding the substance of the source's information. In addition, subparagraph (C) of that same paragraph mandates exclusion of "any other information that, if disclosed, might result in physical or other harm to the defendant or others." Fed. R. Crim. P. 32(d)(3)(C). Taking Mr. Folks' theory with regard to this rule to its logical conclusion, the presentence report may not contain any information at all about any of his criminal activities since all such information would result in harm to him by virtue of his eventual prosecution and sentencing.

-3-

a term of the plea agreement. Plea Agreement ¶ 2 (Aug. 21, 2002).

Finally, although construing the plea agreement according to what Mr. Folks reasonably understood when he entered his plea, see *United States v. Hand*, 913 F.2d 854, 856 (10th Cir. 1990), the Court is not persuaded that Paragraph 23 of the plea agreement prohibits the United States Parole Commission from using the information about Mr. Folks' involvement with cocaine base against him given that the plea agreement explicitly states that the "agreement only binds the United States Attorney's Office for the District of Columbia" and "does not bind . . . any other office of agency of the United States Government . . . ." *Id.* ¶ 27. As a result, the United States Parole Commission is not bound by the terms of the plea agreement, which point was made explicitly clear to Mr. Folks in Paragraph 27. *See Allen v. Hadden*, 57 F.3d 1529, 1535 (10th Cir. 1995) (acknowledging that in plea agreements "the Government may – and quite readily can – 'agree' through its agents that only certain of its agents are to be obligated in particular respects, or that the Government's obligation is otherwise qualified"). The Court does not find it reasonable to construe Paragraph 27 as limited exclusively to those government offices or agencies seeking to prosecute Mr. Folks within their jurisdiction and considers the citation to *Davis v. United States*, 649 F. Supp. 754 (C.D. Ill. 1986), inapposite in light of the express terms of that paragraph and the fact that the defendant agreed to be accountable for more than 150 grams but less than 500 grams of cocaine base. *See* Def.'s Reply Br. 4. Furthermore, the plea agreement makes clear that the purpose for placing the documents under seal was to protect Mr. Folks' "personal safety" as well as the safety of law enforcement agents and officers working with Mr. Folks, presumably while he cooperated in government investigations. *Id.* ¶ 25.

Nowhere in the agreement is there any indication that the purpose for sealing any document in this case was to avoid its use against Mr. Folks during subsequent proceedings.

## CONCLUSION

For the reasons set forth above, and recognizing that presentence reports "must contain . . . a description of the circumstances of the offense," *United States Dep't of Justice v. Julian*, 486 U.S. 1, 4 (1988), the Court will deny in its entirety the [266] Motion For Expedited Hearing And For Order Directing The Presentence Report Writer To Redact Sealed Information In The Presentence Report. All other arguments not expressly considered herein are deemed to be without merit. An appropriate order will accompany this Memorandum Opinion.

August 9th, 2007

Thomas F. Hogan
Chief Judge

FILED

AUG 10 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANTHONY SEFFELL FOLKS,

Defendant.

Crim. No. 02-0077-12 (TFH)

\*\*\*UNDER SEAL\*\*\*

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it hereby is **ORDERED** that the defendant's [266] Motion For Expedited Hearing And For Order Directing The Presentence Report Writer To Redact Sealed Information In The Presentence Report is **DENIED** in its entirety.

**SO ORDERED**.

August 9, 2007

Thomas F. Hogan
Chief Judge